# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|                              |   |                    |
|------------------------------|---|--------------------|
| LAWRENCE FLORES,             | ) |                    |
|                              | ) |                    |
| Petitioner,                  | ) |                    |
|                              | ) | **Civil Action Nos.** |
| v.                           | ) | **19-11690-FDS**   |
|                              | ) | **19-11692-FDS**   |
| ORLEANS DISTRICT COURT,      | ) |                    |
|                              | ) |                    |
| Respondent.                  | ) |                    |

# MEMORANDUM AND ORDER
# ON PETITIONS FOR A WRIT OF HABEAS CORPUS

**SAYLOR, C.J.**

These are two *pro se* petitions for a writ of habeas corpus pursuant to 28 U.S.C. §2254. On March 16, 2000, petitioner Lawrence Flores pleaded guilty in the Orleans District Court to violating a restraining order in violation of Mass. Gen. Law ch. 209A, §7. He was sentenced to a period of probation that expired on March 16, 2001; he was later incarcerated for 19 days as a result of violating his probation in December 2000. Also on March 16, 2000, Flores pleaded guilty in the Orleans District Court to (1) assault and battery, Mass. Gen. Laws ch. 265, § 13A; (2) intimidating a witness, Mass. Gen. Laws ch. 268, § 13B; and (3) larceny of property over $250, Mass. Gen. Laws ch. 266, § 30. In that case, he was sentenced to a period of probation that expired on December 20, 2001.

On August 6, 2019, Flores filed two petitions in this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the convictions. Respondent the Orleans District Court has moved to dismiss the two petitions on the grounds that petitioner is not in custody, *see* 28

U.S.C. § 2254(a), and because the petitions are time-barred, 28 U.S.C. § 2244(d).

"A § 2254 petitioner must first show that he is 'in custody pursuant to the judgment of a State court.'" *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 394 (2001) (quoting 28 U.S.C. § 2254(a)); *see Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (§ 2254 requires that the petitioner be "'in custody' under the conviction or sentence under attack at the time his petition is filed."). The custody requirement is jurisdictional. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492. The requirement may be satisfied if the petitioner is subjected to state-imposed "restraints on a man's liberty, restraints not shared by the public generally," even if the petitioner is not physically confined. *Jones v. Cunningham*, 371 U.S. 236, 240 (1963). For example, a person actually serving an undischarged period of probation at the time he files a petition is "sufficiently 'in custody' to pursue federal habeas relief." *Jackson v. Coalter*, 337 F.3d 74, 79 (1st Cir. 2003).

Here, Flores has not made a showing that he is "in custody" for the purposes of § 2254. The sentences imposed for both convictions under attack expired in 2001, when he was discharged from probation in both cases. He was neither physically incarcerated nor serving a probation sentence in August 2019, 18 years later, when he filed the petitions for a writ of habeas corpus. Because he is no longer "in custody" for the convictions that he challenges in those proceedings, this Court does not have jurisdiction to review those convictions under 28 U.S.C. § 2254.

For the foregoing reasons, the petitions are DISMISSED.

**So Ordered.**

                                                      /s/ F. Dennis Saylor IV
                                                     F. Dennis Saylor IV
                                                     Chief Judge, United States District Court

Dated:  January 30, 2020